```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-22491-Civ-UNGARO-BENAGES
                                    (03-20352-Cr-UNGAR0-BENAGES)
                              MAGISTRATE JUDGE P. A. WHITE
JAMES F. SMITH,               :

        Movant,               :
                                      REPORT OF
v.                            :    MAGISTRATE JUDGE

UNITED STATES OF AMERICA,     :

        Respondent.           :
_____
```

This motion to vacate pursuant to 28 U.S.C. §2255 was filed by the movant on September 3, 2008.[1] (Cv-DE#1). The judgment of conviction in the underlying criminal case became final at the latest on July 12, 2004,[2] when time expired for filing a petition for writ of certiorari, ninety days following affirmance of the movant's conviction and sentence on direct appeal.[3] See United

---

[1] A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

[2] The judgment was issued by the appellate court on April 12, 2004. (Cr-DE#60). The movant's convictions and sentences were affirmed in all regards, but with a limited remand to the district court to correct scrivener's errors. (Id.). Therefore, for purposes of finality, the conviction became final 90 days following the issuance of the judgment by the appellate court.

Regardless, even if this court were to consider for purposes of the AEDPA, that the conviction became final twenty days following the May 25, 2004 (Cr-DE#59) entry of an amended judgment as per the appellate court's instructions, to-wit, June 8, 2004, when time would have expired for filing an appeal of the amended judgment, this federal petition still remains time-barred as the petition would have been due in this court by June 8, 2005.

[3] The Supreme Court has stated that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986); accord, United States v. Kaufmann, 282 F.3d 1336 (11th Cir. 2002). Once a judgment is entered by a United States court of appeals, a petition for writ of certiorari must be filed within 90 days of the date of entry. The 90 day time period runs from the

States v. Smith, 103 Fed.Appx. 667 (11th Cir. 2004); (Cr-DE#60).

At the latest, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than July 12, 2005. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). The filing of the movant's motion on September 3, 2008, over one year after his conviction became final, is not timely.

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

> (1)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2)  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from filing by such governmental action;
>
> (3)  The date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  The date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't

---

date of entry of the judgment rather than the issuance of a mandate. Sup.Ct.R. 13; see also, Close v. United States, 336 F.3d 1283 (11th Cir. 2003).

of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965 (2002). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones v. United States, 304 F.3d 1035, 1039-40; Drew, 297 F.3d at 1286).

The onus is on the movant to show that he is entitled to this extraordinary relief. Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). To discharge his burden, he must demonstrate: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1085 (2007) (quotation marks and citation omitted); Johnson v. Florida Department Of Corrections, 513 F.3d 1328, 1333 (11 Cir. 2008); Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)); Johnson, 340 F.3d at 1226. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)). In this case, the movant has not demonstrated extraordinary circumstances beyond his control.

The operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255. Review of the record reveals that the movant was

aware or should have been aware of the factual predicate of the claims raised in this petition, as early as the time sentence was imposed. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5 Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10 Cir. 1992)(holding that petitioner's failure to discover the legal significance of the operative facts does not constitute cause). The limitations period begins to run when the movant knows, or through due diligence, could have discovered, the important facts for his claims, not when the movant recognizes the facts' legal significance. Owens v. Boyd, 235 F.3d 356, 359 (7 Cir. 2000).

Tolling would not be appropriate in circumstances such as those present in this case where the petitioner was not diligent in pursuing his claims. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618- 19 (3 Cir. 1998)(holding that equitable tolling applies only where prisoner has diligently pursued his claim, but has in some "extraordinary way" been prevented from asserting his rights). See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5 Cir. 1999)(noting that "equity is not intended for those who sleep on their rights"). The movant has not acted diligently in presenting the challenges to his convictions now raised.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir.

2001); United States v. Prescott, 221 F.3d 686, 687-689 (4 Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7 Cir. 1998); Johnson v. United States, 246 F.3d 655 (6 Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The filing of this motion to vacate over one year after his judgment became final is untimely. The movant has not shown that extraordinary circumstances beyond his control precluded him from timely filing this motion to vacate. It is evident that the factual predicate regarding the claims was known to the movant as early on as of the change of plea proceeding.

The movant first attempts to circumvent the statute of limitations by raising a claim of actual innocence. (Cv-DE#1). The thrust of the movant's argument appears to be that he never entered the United States, nor had any nexus with the United States, thereby depriving the United States of subject matter jurisdiction over the case. (Cv-DE#9:2).

Courts have held that a claim of innocence does not constitute a "rare and exceptional" circumstance to warrant equitable tolling in that many prisoners maintain they are innocent. See Felder v. Johnson, 204 F.3d 168, 171 (5 Cir. 2000). The Eleventh Circuit, however, has held that the Suspension Clause might require an exception to the statute of limitations where a petitioner can make showing of actual innocence. Wyzykowski v. Department of Corrections, 226 F.3d 1213 (11 Cir. 2000).[4] Nevertheless, the issue

---

[4] See also Bousley v. United States, 523 U.S. 614 (1998).  In Bousley, the Supreme Court made it clear that a habeas petitioner attempting to establish "actual innocence" must meet a high standard.  He must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley, supra at 623, quoting, Schlup v. Delo, 513 U.S. 298, 327-328 (1995).  The Court emphasized that actual innocence means factual

need not be determined in this case, because the movant has not proffered a showing of actual innocence in this habeas corpus proceeding.

In <u>Bousley v. United States</u>, 523 U.S. 614 (1998), the Supreme Court made clear that habeas petitioner asserting actual innocence must meet a high standard. He "must demonstrate that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" <u>Bousley</u>, <u>supra</u> at 623, <u>quoting</u>, <u>Schlup v. Delo</u>, 513 U.S. 298, 327-328 (1995). The Court further stated that actual innocence means factual innocence, not mere legal insufficiency. <u>Id</u>. In cases where the prosecutor has foregone more serious charges in the course of plea bargaining, the petitioner must also show that he is actually innocent of the more serious charges. <u>Id</u>. at 624. The movant fails to make a <u>prima facie</u> showing that the he is actually innocent. Moreover, the factual predicate regarding the claim was known to the movant as early on as of the change of plea proceeding. The movant has not demonstrated exceptional circumstances sufficient to warrant tolling of the limitations period.[5]

---

innocence, not mere legal insufficiency. <u>Id</u>.

[5] To the contrary, the movant stipulated to the government's factual proffer which reveals as follows. On April 22, 2003, Cuban border guards reported to the U.S. Coast Guard the presence of a suspicious go-fast boat operating in international waters near the Winward Passage of the east tip of Cuba. (Cr-DE#53:11-13). The Coast Guard then sent a C-130 aircraft and two Coast Guard cutters to the area. At that time, the aircraft observed the go-fast boat for about four to six hours, noting three individuals aboard, as well as, bales on the deck of the boat. The aircraft observed as the boat finally came to a stop and individuals aboard commenced to throw the bales overboard. The air crewmen then radioed the location where the bales were dumped. Shortly thereafter, a smaller Coast Guard boat intercepted the go-fast boat after a short pursuit. Coast Guard officers boarded the vessel and detained the movant and his coconspirators. The movant was the captain of the vessel, subject to the jurisdiction of the United States. It was also later determined that the movant was a citizen of the United States. In the meantime, another Coast Guard cutter retrieved 38 bales of marijuana, weighing approximately 1,700 pounds, from the ocean near where the go-fast boat had stopped. The GPS was retrieved from the go-fast vessel which confirmed that the boat had traveled from off the north coast

Although it appears that jurisdictional claims can be raised at any time, <u>Harris v. United States</u>, 149 F.3d 1304, 1306 (11th Cir. 1998), in this case, the movant raised the precise claim in terms of a violation of his Sixth Amendment rights to effective assistance of counsel. Thus, the factual predicate in support of this claim could have been discovered by the movant, as early on as the time the sentence was imposed. His failure to timely file his initial motion and the excuses for failing to do so do not warrant equitable tolling of the limitations period. Regardless, the movant is also entitled to no relief on this claim.

The movant appears to argue that the court lacked subject matter jurisdiction over the offense because there was no nexus with the United States. First, this claim is clearly refuted by the government's proffer of facts at the change of plea hearing.

Moreover, the court did not lack subject matter jurisdiction over the offense. A court's power to adjudicate a federal criminal prosecution comes from 18 U.S.C. §3231, which gives federal courts original jurisdiction over "all offenses against the laws of the United States." <u>See</u> 18 U.S.C. §3231. Review of the Indictment reveals that the movant violated one or more federal criminal statutes, and each states an "offense against the laws of the United States," tracking the language of the statute and setting forth the essential elements of the crime. The Indictment sufficiently apprised the movant of the charges against him.[6] Under

---

of Jamaica to the eastern tip of Cuba.

[6]Due process and the Sixth Amendment require that an Indictment state the elements of an offense charged with sufficient clarity to apprise a defendant of the charges against him. <u>Russell v. United States</u>, 369 U.S. 749, 763-64 (1962). An Indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defendant and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." <u>See</u> <u>Hamling v. United States</u>, 418 U.S. 87, 117

these circumstances, counsel was not ineffective for failing to pursue this nonmeritorious claim, and this argument does not provide a basis for tolling the limitations period.

The movant was charged with violating Title 46 U.S.C. §1903. (Cr-DE#12). Federal law makes it illegal for persons aboard vessels "within the jurisdiction of the United States" to possess controlled substances with the intent of distributing them. See 46 U.S.C. §1903(a). Federal law also proscribes conspiracies to violate §1903(a). See 46 U.S.C. §1903(j). To obtain a conspiracy conviction under §1903(j), "the government must demonstrate that an agreement existed between two or more persons and that the defendant knowingly and voluntarily participated in it[.]" United States v. Garate-Vergara, 942 F.2d 1543, 1547 (11th Cir. 1991). "[T]hese elements may be proved by circumstantial evidence." Id. It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. United States v. Calderon, 127 F.3d 1314, 1324 (11th Cir. 1997). When the government shows that a defendant was crew member of a vessel which was heavily laden with drugs, the government bears only a "light" burden of presenting additional evidence that the defendant was a member of a drug conspiracy. See United States v. Cruz-Valdez, 773 F.2d 1541, 1547 (11th Cir. 1985).

In the instant case, the stipulated evidence adduced at the change of plea proceeding more than amply supports the court's jurisdiction over the offense. Consequently, no deficient performance or prejudice has been established arising from

---

(1974)(citations omitted); Government of Virgin Islands v. Moolenaar, 133 F.3d 246 (3 Cir. 1998), citing Russell, supra; Hamling v. United States, supra.

counsel's failure to pursue this nonmeritorious claim prior to the movant's change of plea proceeding. Strickland v. Washington, 466 U.S. 668 (1984). Additionally, no showing has been made that the plea was anything other than knowing and voluntary entered. See-Cr-DE#53.

Finally, if the movant means to argue that he is entitled to equitable tolling because he is an unskilled layperson with limited a educational background who is unfamiliar with the law. This argument, however, does not excuse the movant from the applicable time limitations. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5 Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5 Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5 Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9 Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5 Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

In conclusion, the movant has not demonstrated that he diligently pursued filing of this motion to vacate within one year following the entry of his judgment which would warrant equitable or statutory tolling. The time-bar is ultimately the result of the

9

movant's failure to properly and timely prosecute this federal habeas corpus petition. The movant was required to file this motion to vacate at the latest within one year from the time his conviction became final in 2004. The September 2008 filing of this motion is untimely.

It is therefore recommended that this motion to vacate be dismissed as time-barred, and alternatively denied on the merits.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Signed this 26th day of January, 2009.

UNITED STATES MAGISTRATE JUDGE

cc:   James F. Smith, Pro Se
      Reg. No. 16792-004
      F.C.I. - Miami
      P. O. Box 779800
      Miami, FL 33177

      Frank H. Tamen, AUSA
      U.S. Attorney's Office
      99 N.E. 4th Street
      Miami, FL 33132